IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANKLIN WATKINS, | : | Case No.:4:06cv00299 |
| | : | |
| Plaintiff | : | Judge Jones |
| | : | |
| v | : | |
| | : | |
| RITE AID CORP., ET AL., | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM AND ORDER

### July 25, 2006

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is a Motion to Dismiss ("the Motion") (doc. 10)

filed by Defendants Rite Aid Corporation ("Rite Aid"), Shari Rice, and Matthew

Schroeder (collectively "Rite Aid Defendants") on May 22, 2006.  For the reasons

that follow, the Motion will be granted.

**FACTUAL BACKGROUND/PROCEDURAL HISTORY:**

On February 9, 2006, Plaintiff Franklin Watkins ("Plaintiff" or "Watkins")

filed a four count complaint against the Rite Aid Defendants in the United States

District Court for the Middle District of Pennsylvania.  (Rec. Doc. 1).  The

complaint alleges the following claims against the following Defendants: Count I

(Age Discrimination in Employment Act ("ADEA") claim against Rite Aid);

1

Count II (Pennsylvania Human Relations Act ("PHRA") claim against all Rite Aid Defendants); Count III (Civil Conspiracy claim against individual Defendants Rice and Schroeder); and Count IV (Negligent Supervision claim against Rite Aid).  In the complaint, Watkins alleges that Rite Aid harassed and discharged him on account of his age in violation of the ADEA and the PHRA, that Defendants Rice and Schroeder conspired to fire him on account of his age, and that Rite Aid negligently supervised its employees, which resulted in alleged illegal age discrimination.

Taking Plaintiff's allegations in the complaint as true, as we must at this juncture, we note that he was born on September 7, 1944.  (Comp. ¶ 16).  Rite Aid employed Watkins as a manager for sixteen years and he styles himself as "an exemplary worker with exceptional knowledge and technical expertise." Id. at ¶ 19.  When discharged, Watkins was employed in the General Accounting Department as Rite Aid's Senior Director of Accounting.  Id. at ¶¶ 12, 18.  In July of 2002, Rice became Watkins' direct supervisor and Rice reported directly to, and was supervised by, Schroeder, a Rite Aid Vice-President.  Id. at ¶¶ 13, 20, 21.

Watkins alleges that Rice and Schroeder treated him differently because of his age by among other things, making "disparaging age-related comments and remarks." Id. at ¶ 23.  Despite his alleged exemplary preformance record, Watkins

2

claims that the Rite Aid Defendants "engaged in a mean-spirited and intentional crusade to ruin [Watkins'] reputation and performance record." Id. at ¶ 26. This alleged crusade included false accusations of performance deficiencies, threats of job termination and denial of promotions, all because of Watkins' age. Id. at ¶¶ 24, 26-27.

In August of 2004, Watkins complained that "he received disparate treatment and discrimination." Id. at ¶ 28. Watkins does not state to whom he complained; however, he alleges that Defendants failed to act to remedy and curtail the harassment, hostility, and disparate treatment. Id. at ¶ 29. On January 19, 2005, Schroeder terminated Watkins' employment and Schroeder told Watkins that his job was being eliminated. Id. at ¶ 31. Watkins alleges, however, that he was the only employee who was "down-sized," he was sixty years of age at the time, and that his job duties, rather than being eliminated, were performed by "Junior" employees. Id. at ¶¶ 31-33. Watkins maintains that he exhausted his administrative remedies before filing the above-captioned age discrimination action. Id. at ¶ 37.

On May 22, 2006, the Rite Aid Defendants filed the instant Motion, which has been briefed by the parties. The Motion is therefore ripe for disposition.

**STANDARD OF REVIEW:**

3

In considering a motion to dismiss, a court must accept the veracity of a plaintiff's allegations.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990).  In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that in considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims."  Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also District Council 47 v. Bradley, 795 F.2d 310 (3d Cir. 1986).

**DISCUSSION:**

### A.  **Whether the Court Should Strike Plaintiff's Demand for ADEA Compensatory Damages Pursuant to Fed.R.Civ.P. 12(f)**

In the Motion, the Rite Aid Defendants first argue that this Court should strike Watkins' demand for compensatory damages under the ADEA, pursuant to Fed.R.Civ.P. 12(f).

In Count I of the complaint, Watkins seeks to recover compensatory damages from Rite Aid for his former employer's alleged ADEA violations. Watkins demands compensatory damages for (1) distress, lost reputation, lost

4

career, embarrassment and humiliation; and (2) expenses incurred in the search for alternate employment.  <u>See</u> Comp. at Count I.  We initially note that Plaintiff has stipulated to strike his request for compensatory damages for "distress, lost reputation, lost career, embarrassment and humiliation."  (Rec. Doc. 13 at 2, 8, 13).

We therefore need only address whether to strike Watkins' demand for compensatory damages for "expenses incurred to search for alternate employment" pursuant to Fed.R.Civ.P. 12(f).  In support of his request for such relief, Plaintiff fails to cite to any applicable case law.  Instead, Plaintiff directs the Court to a reference within the ADEA that allows the Court to grant such "legal or equitable relief as may be appropriate to effectuate the purposes of this chapter" and asserts that he does not consider reimbursement for out-of-pocket costs as compensation to be excluded under the ADEA.  <u>See</u> 29 U.S.C. § 626(b).

After a careful review of the record and applicable case law, and taking Plaintiff's allegations in the complaint as true, as we must at this juncture, we are in agreement with the Rite Aid Defendants that ADEA compensatory damages for emotional distress and for post-termination job searches are not recoverable in the Third Circuit, and elsewhere.  <u>See</u> <u>Rogers v. Exxon Research and Engineering Co.</u>, 550 F.2d 834, 839-42 (3d Cir. 1977), <u>cert.</u> <u>denied</u>, 434 U.S. 1022 (1978)

(Compensable damages for emotional pain and suffering are not recoverable under the ADEA.); <u>Wehr v. The Burroughs Corp.</u>, 619 F.2d 276, 284 (3d Cir. 1980); <u>Sharp v. Today's Man, Inc.</u>, 1985 U.S. Dist. LEXIS 12356, at *2-3 (E.D. Pa. Dec. 26, 1985) (ADEA plaintiffs not entitled to recover expenses in seeking other employment); <u>see</u> <u>also</u> <u>Farley v. Miller Fluid Power Corp.</u>, 1997 U.S. Dist. LEXIS 19006, at *10-11 (N.D. Ill. Nov. 24, 1997) (ADEA plaintiff not entitled to recover job hunting expenses); <u>Lyons v. Allendale Mut. Ins. Co.</u>, 484 F. Supp. 1343, 1344 (N.D. Ga. 1980) (ADEA plaintiff not entitled to recover consequential damages for moving, additional interest on new mortgage and additional commuting upon securing new employment in another state).

We will accordingly strike, pursuant to Fed.R.Civ.P. 12(f), Watkins' demand for compensatory damages for distress, lost reputation, lost career, embarrassment, humiliation and for expenses incurred in searching for alternate employment.

**B.    Whether the Court Should Dismiss Plaintiff's Civil Conspiracy
        Claim Pursuant to Fed.R.Civ.P. 12(b)(6)**

In the Motion, the Rite Aid Defendants argue that we should dismiss Plaintiff's civil conspiracy claim pursuant to Fed.R.Civ.P. 12(b)(6).  In that regard, the Rite Aid Defendants maintain that no valid claim for conspiracy to violate the ADEA exists and that the PHRA provides the exclusive statutory remedy for any alleged PHRA conspiracy claim, which bars any common law claim based upon

PHRA prohibited discrimination.  In response, Plaintiff asserts that the complaint

sufficiently pleads tort claims for civil conspiracy against the joint actions of

Defendant Rice and Schroeder acting individually on their own behalf.  Plaintiff

maintains that he crafted Count III of the complaint to allege that the individually

named Defendants "acted on their own behalf and not as an agent for the defendant

employer."  (Pl.'s Br. Opp. Defs.' Mot. Dismiss at 9).

    In Count III of the complaint, Plaintiff asserts a civil conspiracy claim

against Defendants Rice and Schroeder for purposefully and intentionally harming

Plaintiff by unlawful means, which resulted in harm and damages to Plaintiff

including but not limited to his alleged wrongful discharge.  We initially note that

ample applicable case law reveals that no valid claim for conspiracy to violate the

ADEA exists.  See, e.g., Fairfax v. Sch. Dist. of Philadelphia, 2004 U.S. Dist.

LEXIS 7750, at *13-14 (E.D. Pa. 2004) (dismissing claim of civil conspiracy to

violate the ADEA); Bennett v. Independence Blue Cross, 1993 U.S. Dist. LEXIS

3048, at *6-8 (E.D. Pa. 1996) (dismissing claim of civil conspiracy to violate the

ADEA); Jones v. Baskin, Flaherty, Elliot and Mannino, P.C., 738 F. Supp. 937,

940-41 (W.D. Pa. 1989) (granting summary judgment in favor of employer on

plaintiff's claim of conspiracy to violate the ADEA), aff'd, 897 F.2d 522 (3d Cir.

1990), cert. denied, 498 U.S. 811 (1990).  Accordingly, Watkins' claim for civil

7

conspiracy to violate the ADEA in Count III of his complaint is dismissed for failure to state a claim upon which relief can be granted.

With regard to Plaintiff's alleged PHRA conspiracy claim, we are in agreement with the Rite Aid Defendants that the PHRA provides the exclusive statutory remedy, which bars any common law claim based upon PHRA prohibited discrimination.  See Bennett, 1993 U.S. Dist. LEXIS at *7-8 ("[A]ny claim by an employee for unlawful discrimination under state law is limited to that provided by the statute."); see also Clay v. Advanced Computer Applications, Inc., 559 A.2d 917, 918-19 (Pa. 1989).  Watkins may not assert a common law conspiracy claim when the allegations underlying the claim are that the individual Defendants committed PHRA-based statutory violations.  Seiple v. Community Hosp. of Lancaster, 1998 U.S. Dist. LEXIS 5093, at *10 (E.D. Pa. 1998) ("The Pennsylvania Supreme Court has held that the PHRA provides a statutory remedy that precludes assertion of a common law tort action based on discrimination . . . Therefore, [plaintiff] cannot maintain an independent common law claim of conspiracy when a key allegation of such claim is that defendants engaged in or conspired to engage in discriminatory conduct in violation of the PHRA."); Bennett, 1993 U.S. Dist. LEXIS 3048, at *7-8 (E.D. Pa. 1993) (dismissing claim of civil conspiracy to violate the PHRA).  As no claim exists for civil conspiracy to

violate the PHRA, Plaintiff's claim for civil conspiracy to violate the PHRA is

dismissed for failure to state a claim upon which relief can be granted.[1]

###   C.   Whether the Court Should Dismiss Plaintiff's Negligent Supervision Claim Pursuant to Fed.R.Civ.P. 12(b)(6)

In the Motion, the Rite Aid Defendants assert that exclusive remedy

provisions under both the PHRA and the Pennsylvania Workmen's Compensation

Act ("WCA") bar Plaintiff's negligent supervision claim.  In that regard, the Rite

Aid Defendants maintain that the PHRA preempts common law negligent

supervision claims against employers when, as in this case, such claims arise from

and form an integral part of the PHRA-prohibited discriminatory conduct.  The

Rite Aid Defendants alternatively argue that assuming no PHRA preemption, the

WCA exclusivity provision and applicable case law bar Plaintiff's negligent

supervision claim against Rite Aid.

In response, Plaintiff argues that the negligent supervision claim is not

preempted by the PHRA as the complaint pled acts of harm not limited to those

acts motivated by Plaintiff's age and not limited to those acts committed against

Plaintiff because of his age.  "The harm and causes of action were not limited to

wrongful discharge.  The actions were separate and apart from those wrongful acts

---

[1] It is accordingly not necessary for the Court to address the Rite Aid Defendants' alternative argument that a single entity cannot conspire with itself and that agents of a single entity cannot conspire among themselves.

that form the claims under the ADEA and the PHRA." (Pl.'s Br. Opp. Defs.' Mot. Dismiss at 12). With regard to the Rite Aid Defendants' alternative argument, Plaintiff maintains that his negligent supervision claim is not preempted by the exclusivity provision of the WCA as it falls within the "personal animus" exception to the WCA's exclusive remedy provision.

In Count IV of the complaint, Plaintiff asserts a negligent supervision claim against Rite Aid. Plaintiff specifically alleges that Rite Aid published a "Diversity Policy that prohibits discrimination and unlawful actions towards an employee because of their protected status, such as their age." (Comp. ¶ 52). In addition, Plaintiff alleges that Rite Aid controlled all management decisions and actions. Id. at ¶ 53. Rite Aid allegedly breached its duty of care and failed to supervised Defendants Rice and Schroeder. Defendants Rice and Schroeder acted separately and jointly to violate Plaintiff's statutory rights and cause Plaintiff to suffer harm. Id. at ¶¶ 54-55.

After a careful review of applicable case law and taking of all Plaintiff's allegations in the complaint as true, as we must, we find that Plaintiff's negligent supervision claim against Rite Aid is preempted by the PHRA, for the reasons that follow.

Initially, we note that the exclusivity provision of the PHRA provides that

the PHRA's statutory remedy "shall, when invoked, be exclusive in the final

determination therein and shall exclude any other action, civil or criminal, based on

the same grievance of the complaint concerned."  43 P.S. § 962(b).  Although

Plaintiff asserts that the actions asserted in the negligent supervision claim are

"separate and apart" from those wrongful acts that form his claims under the

ADEA and the PHRA, we disagree.  In Count IV, Plaintiff alleges that Rite Aid

negligently supervised Defendants Rice and Schroeder by allegedly allowing them

to discriminate against him on account of his age.  The PHRA preempts common

law negligent supervision claims against employers when, as in the case sub judice,

such claims arise from, and form an integral part of, the PHRA-prohibited

discriminatory conduct.  See, e.g., Wolk v. Saks Fifth Ave. Inc., 728 F.2d 221 (3d

Cir. 1984) (where plaintiff brought PHRA claim, no tort cause of action is

available for plaintiff to challenge her dismissal, which she alleged was in

retaliation for her refusal to submit to her new supervisor's sexual advances);

Belverena v. Cent. Parking Sys., 2005 U.S. Dist. LEXIS 25911, at *4 (E.D. Pa.

2005) (where acts supporting common law tort based causes of action are only acts

of discrimination, the common law claims are preempted by PHRA); Rowlands v.

Roman Catholic Diocese of Pittsburgh, 2005 U.S. Dist. LEXIS 34248, at *4-5

(W.D. Pa. 2005) (sex discrimination claim, PHRA preempts plaintiff's negligent

supervision claim); <u>Stell v. PMC Technologies, Inc.</u>, 2005 U.S. Dist. LEXIS

18093, at *5-6 (E.D. Pa. 2005) (sex and age discrimination claims, PHRA

preempts plaintiff's negligence claim); <u>McGovern v. Jack D's, Inc.</u>, 2004 U.S.

Dist. LEXIS 4326, at *14-22 (E.D. Pa. 2004) (sexual harassment claim, PHRA

preempts plaintiff's negligent supervision claim; found that the weight of authority

cuts in favor of PHRA preemption with regard to negligent supervision claims);

<u>Warmkessel v. East Penn Mfg. Co., Inc.</u>, 2005 U.S. Dist. LEXIS 15048, at *21-24

(E.D. Pa. 2005) (sexual harassment claim, PHRA preempts plaintiff's negligent

supervision claim); <u>Pacheco v. Kazi Foods of New Jersey, Inc.</u>, 2004 U.S. Dist.

LEXIS 11280, at *17-19 (E.D. Pa. 2004) (sexual harassment claim, PHRA

preempts plaintiff's negligent supervision claim).  Additionally, when the PHRA

provides statutory remedies for certain types of discrimination injuries, common

law actions designed to redress these same discrimination injuries are superfluous.

<u>McGovern</u>, 2004 U.S. Dist. LEXIS 1985 at *22.

In Count IV of the complaint, Plaintiff has not offered an independent set of

facts to support a claim not otherwise covered by the PHRA.  Plaintiff's negligent

supervision claim is accordingly foreclosed by the exclusivity provision of the

PHRA.  See 43 P.S. § 962 (b).[2]  The Motion is therefore granted with respect to Count IV of the complaint.

**D.    Whether this Court Should Strike Count III and Count IV's Demand for Attorney's Fees Pursuant to Fed.R.Civ.P. 12(f)**

In the Motion, the Rite Aid Defendants argue that with respect to the civil conspiracy and negligent supervision claims asserted in Counts III and IV respectively, the complaint fails to allege any fee-shifting grounds such that an award of attorney's fees would be permitted.   Plaintiff has stipulated to strike his request for attorney's fees in Counts III and IV of the complaint and as detailed herein, we will dismiss Counts III and IV of the complaint pursuant to Fed.R.Civ.P. 12(b)(6).  (Rec. Doc. 13 at 2, 13).  Although with this dismissal will go the prayers for fees, to be clear, we note that we will also strike Plaintiff's demand for attorney's fees in Counts III and IV of the complaint.

Accordingly, in summary, we will dismiss Plaintiff's state law claims for civil conspiracy and negligent supervision, Counts III and IV respectively, pursuant to Fed.R.Civ.P. 12(b)(6).  We will strike Plaintiff's demand for ADEA based compensatory damages and common law attorney's fees pursuant to Fed.R.Civ.P. 12(f), as elaborated upon herein.   The Rite Aid Defendants' Motion

---

[2] As we have determined that Plaintiff's negligent supervision claim is preempted by the exclusivity provision of the PHRA, we need not address Rite Aid's alternative argument that the WCA exclusivity provision and case law bar Plaintiff's negligent supervision claim.

is accordingly granted in its entirety.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1.    The Rite Aid Defendants' Motion to Dismiss and/or Strike the

Complaint In Part (doc. 10) is GRANTED.

2.    Count I's demand for ADEA based compensatory damages is stricken

with prejudice pursuant to Fed.R.Civ.P. 12(f).

3.    Counts III and IV of Plaintiff's complaint are dismissed with

prejudice pursuant to Fed.R.Civ.P. 12(b)(6).


s/ John E. Jones III
John E. Jones III
United States District Judge